UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

DEWAYNE WARREN,

    PLAINTIFF,

-vs-                                                      Case No. 1:15-cv-00222-WTH-GRJ

CAROLYN W COLVIN,

    DEFENDANT.

_____/

## O R D E R

This matter is before the Court on ECF No. 21, the Report and Recommendation of the Magistrate Judge. The parties have been furnished a copy of the Report and Recommendation and have been afforded an opportunity to file objections pursuant to Title 28, United States Code, Section 636(b)(1). The Plaintiff has filed objections at ECF No. 22. I have made a de novo review based on those objections.

Having considered the Report and Recommendation, and the timely filed objections, I have determined that the Report and Recommendation should be adopted. Plaintiff raises three issues in this case: (1) whether the ALJ improperly relied upon the vocational expert's response to a hypothetical question because the hypothetical did not include all limitations; (2) whether the ALJ failed to fully and fairly develop the record by not ordering an x-ray of Plaintiff's right knee; and

(3) whether the Commissioner failed to properly consider the impact of Plaintiff's obesity on his ability to perform work. ECF No. 19.

As to the first issue, this Court agrees with the Magistrate Judge that the hypothetical posed to the vocational expert included all limitations stated in the ALJ's residual functional capacity finding – including no production-based demands.  The vocational expert's response listed three jobs that do not require any crouching or kneeling, making the lack of inclusion of any such limitations harmless.  Therefore, Plaintiff's argument as to this issue is contradicted by the record.

Plaintiff's second argument also lacks merit.  The Plaintiff never asserted knee pain as a basis for his disability, and the jobs listed by the vocational expert did not involve crouching or kneeling.  Thus, the Plaintiff has not shown the need for an x-ray of the knee.

Finally, the Court agrees that the ALJ properly considered Plaintiff's obesity.  The ALR found it to be a severe impairment at step two and then expressly considered it at step four.  The ALJ stated, "Social Security Ruling 02-1p provides that a claimant's obesity should be considered in all steps of the evaluation process." Hearing Decision, ECF No. 11 ex. 2 at 26.  Also, the ALJ specifically included the Plaintiff's body mass index of 38.4 and weight of 289.5 pounds as restrictions when determining the residual functional capacity.  Therefore, Plaintiff's third argument is without merit.

*Case No: 1:15-cv-00222-WTH-GRJ*

Accordingly, the Clerk is directed to enter judgment stating the following: "The Report and Recommendation, ECF No. 21, is accepted and incorporated herein.  The decision of the Commissioner, denying benefits, is affirmed." The Clerk is directed to close the file.

IT IS SO ORDERED.

DONE and ORDERED at Gainesville, Florida this 28th day of March, 2017.

_____
UNITED STATES DISTRICT JUDGE